CASE 44—PETITION EQUITY—SEPTEMBER 10.

# Boyd vs. Gault, &c.

### APPEAL FROM BATH CIRCUIT COURT.

1.  T. devised a house and lot to G. and his wife, the testator's daughter, payment therefor by T. being acknowledged in the will. G. qualified as executor of the will, and acquiesced in the devise to himself and wife jointly. G.'s wife was thereby invested with title to, and became the owner of, one half of the house and lot.

2.  An executor being requested in the will to raise two minor legatees, using the interest on their legacies of six hundred dollars each, as far as it would go in so doing. is not chargeable with interest on the legacies until after he ceased to provide for them.

3.  One of three sureties in a guardian's bond moved for counter security, and was released by the county court upon the guardian's executing a new bond with two other sureties. The two other sureties in the first bond taking no steps to be released, are presumed to have acquiesced, and still remain liable jointly with the sureties in the new bond.

4.  A release of one co-obligor by order of court as an act of the law and authorized by it, stands on different principles to a release by the voluntary act of the obligee.

Boyd vs. Gault, &c.

5.  In an action on a guardian's bonds, where more than one cf the sureties therein were made defendants, and served with process, it was error in the circuit court to render a judgment for the aggregate amount against one of the sureties who contested his liability, and no judgment against the other sureties who made no defense.

LACY & YOUNG,                                    For Appellant.

NESBITT & GUDGELL,                             For Appellees,

CITED—

6 *Dana, p.* 6; 1 *Duvall, p.* 117.

CHIEF 'JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

By the third and last county court settlement of Wm. Gault, as executor of Trumbo, November 21, 1859, a balance of two thousand and sixty-nine dollars and fifty-four cents was ascertained against him. His first settlement is dated August 21, 1857, and ascertained a balance of one thousand five hundred and fifty-eight dollars and ninety-two cents in his hands.

March 9, 1857, he became guardian for the two minor legatees, George M. and Susannah Trumbo, and executed bond with A. Williams, J. W. Foudry, and George Anderson, as securities. George Anderson having moved for counter security, said Gault executed another guardian's bond April 9, 1860, with Jas. Brown and appellant Boyd as securities; and Anderson, by order of the county court, was released from responsibility.

October 18, 1863, Boyd attached Gault's property to indemnify himself as Gault's security aforesaid.

August 17, 1865, said legatees, by their then guardian, A. H. Trumbo, filed a petition against said Gault and his sureties in his executor's and several guardian bonds, alleging that their several legacies of six hundred dollars had not been paid, nor any portion thereof.

None of the securities but Boyd answered. He denied his responsibility as security, because no final settlement had been made by Gault as executor, nor had there been any order of court directing him, as guardian, to receive and control the funds.

A house and lot in Wyoming had been devised by the testator to Gault and his wife, testator's daughter, payment therefor by Gault being acknowledged in the will. Gault and wife were also requested, by the will, to take the two minor legatees and raise them in a plain and genteel manner, using the interest on their legacies as far as it would go in so doing. Boyd insists that no interest should be allowed, because Gault and wife did raise the minors.

The court adjudged a sale of one half the house and lot on Boyd's petition, and adjudged against him alone the twelve hundred dollars, amount of the two legacies, with interest thereon from November 22, 1859, from which he has appealed.

Though the house and lot devised to Gault and wife had been paid for by the husband, yet the title to himself and wife must be presumed to be by his consent, especially as he acquiesced in it without complaint, and became executor of the will; nor is there anything in the record to assail it as fraudulent; no charge of this is even made; therefore, as the will vested one half the property in the wife only, the husband's half should be subjected to this claim; but as a sale of a joint half may be injurious to Gault and his securities, and if so, the whole house and lot should be sold, securing to the wife her share of the purchase money. Yet, as the case was not prepared with this view, and as the wife would be an essential party, the judgment could not be reversed for this, even if the injury appeared, which it does not.

But there appears two material errors:

1. Boyd, though bound jointly with Brown in the last guardian's bond that released Anderson, is not alone bound, and there appears no reason why judgment should not have gone against both. Nor did the executing said bond release any of the securities in the first bond but Anderson; he alone moved for counter security, and he alone was released by the order of the court; hence the other securities in the first guardian's bond remain still liable, jointly with Boyd and Brown. A release of one co-obligor, by order of court, as an act of the law and authorized by it, stands on different principles to a release by the voluntary act of the obligee. Besides, the passive acquiescence of the other securities, without objection, may be regarded as an election on their part to remain bound.

The money in Gault's hands as executor should be regarded as in his hands as guardian, at least after the last county court settlement, and his unreleased securities in the several guardian's bonds held responsible therefor.

2. The interest on the legacies should be deemed as appropriated to Gault, so long as he kept the minors, and interest should only be allowed after he ceased to provide for them.

As the judgment must be reversed, the parties should be permitted to amend their pleadings within a reasonable time, as herein indicated, and present additional proofs, or have the cause referred to a master to ascertain the essential facts.

Judgment reversed.